UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM WAYNE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1911 CAS |
| | ) | |
| ST. FRANCOIS COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at St. Francois County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess a nominal partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has indicated that he has been unable to attain a copy of his prison account statement. As such, the Court will simply charge him a nominal initial partial filing fee of $1.00 at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The sole defendant named in this action is the St. Francois County Jail ("Jail").

Plaintiff complains about the conditions of confinement at the Jail, asserting that he was placed in the "hole" for two months, there is overcrowding in the cells, mold on the walls of the cells, federal and state prisoners are housed together, cell searches are conducted late at night, and the inmates are not served enough food. Plaintiff also alleges that he has only one pair of clothing, and that there is no law library "to study law to see thing [sic] about my case." Plaintiff also makes claims relative to the alleged mistreatment of another inmate by a deputy at the Jail. Finally, plaintiff alleges that his bond amount is excessive.

In his request for relief, plaintiff seeks damages and injunctive relief.

## Discussion

To the extent plaintiff is attempting to assert claims against the St. Francois County Jail, his claims are legally frivolous because the Jail is not a suable entity. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

As previously stated, the Jail is the only named defendant. To the extent plaintiff believes he has made claims against some unnamed individual defendants, such claims are subject to dismissal. The complaint is silent as to whether any such defendants are being sued in

3

their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Even if plaintiff had made claims against an individual defendant in his or her individual capacity, which he has not, his assertions would still fail to state a claim for relief. Plaintiff's complaint is entirely devoid of specific factual allegations against any individual defendant, to the extent the complaint asserts plaintiff's own claims as opposed to the claims of another inmate. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that an individually named defendant was directly involved in or personally

responsible for the alleged violations *of plaintiff's* constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, even if plaintiff had made individualized allegations against a defendant, his conclusory and generalized allegations regarding what he believes to be unlawful conditions of confinement are subject to dismissal for failure to state a claim upon which relief may be granted. In order to establish an unlawful conditions of confinement claim in violation of the 8th Amendment, a plaintiff must allege that he has been subjected to "extreme" deprivations and been denied "minimal civilized measure of life's necessities." *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Howard v. Adkinson*, 887 F.2d 134, 137 (8th Cir. 1989); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The focus in a "conditions of confinement" case often falls on the length of exposure to the purported unsanitary conditions and the level of alleged filthiness the inmate was supposedly exposed to. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994) (length of time required for conditions to be unconstitutional decreases as level of filthiness increases).

Plaintiff's allegations of inadequate changes of clothing, overcrowded cells, insufficient diet, moldy walls and late night cell searches, are not connected to any unlawful actions allegedly taken by one particular defendant against plaintiff. Simply put, plaintiff's nonspecific claims lack any detailed accompanying information, other than his bald legal conclusions that such conditions are unlawful. Just like the allegations in *Ashcroft v. Iqbal*, plaintiff's assertions are nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. 129 S. Ct. 1937, 1949 (2009). Further, plaintiff's allegation that state and federal prisoners are housed together is not, by itself, an unconstitutional practice. For these reasons, plaintiff's claims for unlawful conditions of confinement will be dismissed.

Plaintiff's claim that he was held in the "hole" for two months, by itself, does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life so as to give rise to a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (holding administrative segregation is not an atypical and significant hardship under *Sandin*).

Plaintiff's conclusory claim that he has not been provided with a law library fails to allege a First Amendment violation. "The Supreme Court has held that 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Entzi v. Redmann*, 485 F.3d 998, 1004 (8th Cir. 2007) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). "Nevertheless, *Bounds* 'did not create an abstract, freestanding right to a law library.'" *Id.* at 1005 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Instead, prison officials must provide inmates with 'meaningful access to the courts,' *Bounds*, 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation." *Id.* "Because 'meaningful access to the courts is the touchstone,' *id.* at 823 (internal quotation omitted), an inmate alleging a constitutional violation must show an 'actual injury' by 'demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' *Lewis*, 518 U.S. at 351." *Entzi,* 485 F.3d at 1005.

The Eighth Circuit has held that even if an inmate can show a "complete and systematic denial of access to a law library or legal assistance," he must still "'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.'" *Klinger v. Department of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (quoting *Lewis*, 518 U.S. at 351). To succeed on a claim for denial of access to the courts, a plaintiff must show that

he suffered actual injury as a result of the defendants' actions. *Lewis*, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353). Plaintiff has failed to allege an injury to his nonfrivolous ongoing legal claims. As such, he has not stated a claim for relief.

Plaintiff also alleges that his bond has been set too high, in violation of the Eighth Amendment. However, an inmate's bond is not set by the Jail, but rather is set by the state court or one of its judicial officers. *See, e.g., Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998) (setting bail is entirely at discretion of presiding judge). As a result, this claim is not properly directed against the Jail under § 1983.[1]

Finally, plaintiff cannot attempt to bring the claims of another inmate before this Court. Plaintiff lacks standing to bring claims alleging mistreatment of other inmates, as plaintiff must allege a personal loss. *See Martin*, 780 F.2d at 1337. Further, plaintiff is not an attorney and is not authorized to assert constitutional claims on behalf of the inmates who reside at the Jail with him. *See* 28 U.S.C. § 1654. Therefore, the Court does not address plaintiff's claim concerning treatment of another inmate incarcerated at the Jail.

---

[1]Further, under *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must abstain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.* at 43. In this case, plaintiff has an adequate remedy at law regarding the amount of his bond because he may pursue the claim through the state court system in his ongoing state criminal proceeding. Even if plaintiff had properly exhausted his state court remedies with respect to the bond, the appropriate avenue of relief would be a federal petition for a writ of habeas corpus, not a suit under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for order for inmate account is **DENIED as moot**. [Doc. 4]

An Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of January, 2015.